UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

AUTOMATED RECOVERY SYSTEMS OF NEW MEXICO, INC.,

    Debtor.

Case No. 22-10225

MITCHELL AND VICTORIA HAWKES,

    Plaintiffs,

v.

AUTOMATED RECOVERY SYSTEMS OF NEW MEXICO, INC., SAN JUAN REGIONAL MEDICAL CENTER, INC., AND SAN JUAN HEALTH PARTNERS INC.,

    Defendants.

Adv. No. 22-1018

## **OPINION**

Plaintiffs moved the Court to abstain from hearing this adversary proceeding and to remand it. For the reasons set out below, the Court concludes it need not, and elects not to, abstain and remand.

A.    <u>Facts</u>.[1]

For the purpose of ruling on the motion, the Court finds:[2]

---

[1] The Court takes judicial notice of the docket in this case. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may sua sponte take judicial notice of its docket and of facts that are part of public records).

[2] Some of the Court's findings are in the discussion portion of the opinion. They are incorporated by this reference.

On January 21, 2022, plaintiffs Mitchell and Victoria Hawkes ("Creditors"), on behalf of themselves and others similarly situated, filed a class action complaint against San Juan Regional Medical Center, Inc., San Juan Health Partners, Inc. (together, the "San Juan Defendants") and Automated Recovery Systems of New Mexico, Inc. ("Debtor"). The complaint initiated No. D-1116-CV-2021-00513 in the Eleventh Judicial District Court, State of New Mexico. In the action, Creditors alleged that Debtor had filed hundreds of debt collection lawsuits in its own name, even though it did not own the claims. Creditors alleged that doing so constituted the unauthorized practice of law, citing *Norvell v. Credit Bureau of Albuquerque*, 85 N.M. 521 (S. Ct. 1973). Creditors' amended complaint seeks money damages and declaratory and injunctive relief. If Creditors were awarded all requested relief, Debtor's main valuable asset (about 1,500 collection judgments against multiple debtors, scheduled at $10,000,000) would be worthless and the defendants would owe a lot of money to Creditors and the class claimants.

Debtor moved to dismiss the complaint, arguing that its actions and procedures were entirely lawful and in accordance with a New Mexico statute[3] and a rule of civil procedure for the New Mexico magistrate courts, where all of the judgments were obtained.[4]

On November 3, 2021, the state court judge denied the motion to dismiss. Debtor filed this chapter 11 case on March 23, 2022. On May 16, 2022, Creditors filed a motion to apply Fed. R.

---

[3] NMSA § 61-18A-26, which provides: "Nothing in the Collection Agency Regulatory Act shall be construed to prevent collection agencies from taking assignments of claims in their own name as real parties in interest for the purpose of billing and collection and bringing suit in their own names; provided that no suit allowed by this section maybe instituted on behalf of a collection agency in a court unless the collection agency appears by a duly authorized and licensed attorney-at-law." The statute was enacted in 1987, 14 years after *Norvell*.

[4] NMRA 2-107(D), which provides: "Collection agencies may take assignments of claims in their own names as real parties in interest for the purpose of billing and collection and bringing suit in their own names, provided that no suit authorized by this section may be initiated on behalf of a collection agency in any court unless the collection agency appears by a licensed attorney-at-law." The New Mexico Supreme Court adopted the rule in 1992, 19 years after it decided *Norvell*.

Bankr. P. 7023 to the claims allowance process, to set a schedule for certifying class claims, and for an extension of time to file an individual and/or class proof of claim (the "Class Claim Motion"). The Court entered a stipulated order on June 6, 2022, which, inter alia, vacated the bar date for the Creditors and other potential class members.

The parties mediated their disputes on July 28, 2022. No settlement was reached.

Creditors withdrew the Class Claim Motion on August 17, 2022. Twelve days later, Debtor removed this proceeding to the bankruptcy court. Creditors filed the motion for abstention and remand on September 12, 2022. The San Juan Defendants and Debtor oppose the motion.

On October 28, 2022, Debtor filed its own motion to set a class claim certification hearing and a bar date for Creditors and other class members. A preliminary hearing on that motion is scheduled for December 12, 2022.

B. <u>Mandatory Abstention</u>.

1. <u>In general</u>. Section 1334(c)(2)[5] provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Courts in the Tenth Circuit have interpreted § 1334(c)(2) as requiring that: 1) the motion for abstention be timely filed; 2) the action be based on state law; 3) the action be commenced in state court; 4) the action can be timely adjudicated in state court; 5) the action be within the Court's non-core jurisdiction; and 6) there be no source of federal jurisdiction other than that arising from the bankruptcy case. *See Hernandez v. Lasalle Bank, N.A.* (*In re Hernandez*), 2010 WL 5155011,

---

[5] Unless otherwise indicated, all statutory references are to 28 U.S.C.

at *4 (Bankr. D.N.M. 2010), citing *In re Mobile Tool Int'l*, 320 B.R. 552, 556 (Bankr. D. Del. 2005), and *In re Gregory Rock House Ranch, LLC,* 339 B.R. 249, 253 (Bankr. D.N.M. 2006).

All elements of mandatory abstention must be met before the doctrine applies. *See, e.g., In re George Love Farming, LLC*, 438 B.R. 354, at *6 (10th Cir. BAP 2010) (unpublished) (motion for mandatory abstention lacks merit because the matter was core); *Bally Total Fitness Corp. v. Contra Costa Retail Ctr.*, 384 B.R. 566, 572 (Bankr. N.D. Cal. 2008) (court declined to invoke mandatory abstention because all elements must be present and one was missing); *In re Cossett*, 75 B.R. 766, 768 (Bankr. S.D. Ohio 1987) ("unless all elements of the statute have been satisfied, abstention under 28 U.S.C. § 1334(c)(2) is improper").

The mandatory abstention provision applies to removed cases. *In re Midgard Corp.*, 204 B.R. 764, 774 (10th Cir. BAP 1997); *see also In re Notary*, 547 B.R. 411, 417 (Bankr. D. Colo. 2016) (following *Midgard*).

2. <u>Creditors' Claims against Debtor</u>. Debtor concedes the presence of all mandatory abstention elements except element #5 ("the claim is within the court's non-core jurisdiction"). Debtor argues that Creditors' claims against it are core.

Section 157(b) provides in part:

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
(2) Core proceedings include, but are not limited to--
   (A) matters concerning the administration of the estate;
   (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
   . . .

> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims[.]

A number of courts have held that claims for money damages against a bankruptcy debtor are core proceedings. *See, e.g., In re Commercial Fin. Serv., Inc.*, 251 B.R. 397, 408 (Bankr. N.D. Okla. 2000) (by asserting a setoff claim against the debtor, defendant invoked the bankruptcy court's core jurisdiction, even though defendant had not filed a proof of claim); *Tyman v. Wedlo, Inc.*, 204 B.R. 1006, 1019 n.23 (Bankr. N.D. Ala. 1996) ("[s]uits against debtor-defendants are generally considered core proceedings"); *In re Wade*, 500 B.R. 896, 907 (Bankr. W.D. Tenn. 2013) (removed claim against the debtor was core); *Quick Response Force, LLC v. Bayless Prop. Group, LLC*, 2022 WL 11989607, at *1 (N.D. Ga.) (affirming bankruptcy court's entry of summary judgment in a removed adversary proceeding, in which the bankruptcy judge held that the claims against the debtor were core proceedings as they were claims against the estate or property of the estate); *In re Laubenstein*, 2021 WL 857142, at *4 (M.D. Fla.) (creditor's arbitration claims against debtor are for money damages, and therefore are core proceedings); *Holt v. Green*, 2016 WL 927148, at *2 (D. Nev.) (bankruptcy court had core jurisdiction over removed state court action asserting unjust enrichment, conversion, and other money damages claims against the debtor); *In re Lehman Bros. Holdings Inc.*, 532 B.R. 203, 212-13 (S.D.N.Y. 2015) (there is a "very strong argument" that claims brought against the debtor for, inter alia, declaratory and injunctive relief are core).

It is true that the Court's core jurisdiction would be clearer if Creditors had filed a proof of claim. *See, e.g., Kurz e. EMAK Worldwide, Inc.*, 464 B.R. 635, 644 (D. Del. 2011) ("by invoking the jurisdiction of the bankruptcy court with respect to a state action with the same factual basis as the proof of claim, the state claim was transformed into a core proceeding"); *In re Charles Evans*

*Trucking Inc.*, 595 B.R. 715, 723 (Bankr. S.D. Miss. 2018) ("[W]here a party has filed a proof of claim in a debtor's case, any action asserted by that party against the debtor that raises the same issues as those encompassed by the proof of claim is a core proceeding under the authority of 28 U.S.C.A. § 157(b)(2)(B)."); *In re Best Reception Systems, Inc.*, 220 B.R. 932, 944-45 (Bankr. E.D. Tenn. 1998) (collecting cases in support of the proposition that "where a party has filed a proof of claim in a debtor's case, any action asserted by that party against the debtor that raises the same issues as those encompassed by the proof of claim is a core proceeding under the authority of 28 U.S.C.A. § 157(b)(2)(B)"). No proof of claim has yet been filed because Debtor, relying on the Class Claim Motion, extended the bar date. Now that Creditors have withdrawn that motion, Debtor has asked the Court to set a bar date.[6]

Creditors have been very active in this case. They filed a motion to dismiss or convert the case, and also filed numerous objections to Debtor's motions. Indeed, so far Creditors have been the only active parties in the case. Given the nature of Debtor's assets and business and Creditors' claims, it would be impossible to "adjust[] the debtor-creditor . . . . relationship" without adjudicating Creditors' claims. § 157(b)(2)(O). Similarly, to "liquidate the assets of the estate," the Court must deal with Creditors' claims. *Id.*

---

[6] It is unlikely the Court would deny a chapter 11 debtor a bar date. *See, e.g., In re Hooker Investments, Inc.*, 937 F.3d 833, 838 (2d Cir. 1991) (creditor's desire to preserve a jury trial right is not cause for the bankruptcy court to refrain from setting a bar date for the creditor); *In re Spenlinhauer*, 572 B.R. 18, 34 (Bankr. D. Mass. 2017) (the court quoted *Hooker Investments*: "If individual creditors were permitted to postpone indefinitely the effect of a bar order . . . the institutional means of ensuring the sound administration of the bankruptcy estate would be undermined"). Of course, if Creditors and other class members did not file proofs of claim after a bar date is set, this proceeding would be moot as to Debtor.

The Court finds and concludes that adjudicating Creditors' claims against Debtor, as asserted in this proceeding, is within the Court's core jurisdiction. Mandatory abstention therefore is neither required nor permitted.

3. <u>Creditors' claims against the San Juan Defendants</u>. The Court also concludes that mandatory abstention does not apply to Creditors' claims against the San Juan Defendants. The claims are non-core and come within the Court's "related to" jurisdiction under § 1334(b).[7] Thus, element #5 of the mandatory abstention elements is present with respect to the claims. But what about element #6?[8] The claims against the San Juan Defendants are based on the same facts as those against Debtor, so the referring district court[9] has supplemental jurisdiction over them. *See* § 1367(a).[10] And because the district court's supplemental jurisdiction is independent of § 1334, element #6 is not present. For example, in *In re TXNB Internal Case*, 483 F.2d 292 (5th Cir. 2007), the Fifth Circuit held:

> Edge's complaint gives rise to two claims: one that is a core proceeding and another that is supplemental to it and eligible for federal jurisdiction under 28 U.S.C. § 1367(a). Bankruptcy courts may not exercise supplemental jurisdiction. *See Walker v. Cadle Co. (In re Walker),* 51 F.3d 562, 570 (5th Cir.1995). Section 1334(c)(2), however, addresses abstention by district courts. Section 1367(a) provides for supplemental jurisdiction (subject to irrelevant exceptions) over claims

---

[7] The Court has "related to" jurisdiction over the claims because the outcome could have an effect on the estate, namely, on the value of the estate's pool of judgments. *See, e.g., In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) (the test for "related to" jurisdiction "is whether the outcome of the case could conceivably have some effect on the estate being administered"); *Val Verde Vegetable Co, Inc. v. Santa Fe Produce Co.*, 1999 WL 35809374 (D.N.M.) (same, citing *Gardner*). Creditors' amended complaint includes claims against the San Juan Defendants seeking, inter alia, an injunction dismissing all collection lawsuits and vacating all judgments.

[8] Element #6 requires that there be no source of federal jurisdiction other than that arising from the bankruptcy case.

[9] By and order entered July 18, 1984, the United States District Court for the District of New Mexico referred to the United States Bankruptcy Court for the District of New Mexico "all cases under Title 11, and any and all proceedings arising under Title 11, or arising in or related to a case under Title 11."

[10] The district court has original jurisdiction over Creditors' claims against Debtor pursuant to § 1334.

-7-
Case 22-01018-t    Doc 35    Filed 11/22/22    Entered 11/22/22 15:08:51 Page 7 of 12

> forming part of the same case or controversy with "any civil action over which the district courts have original jurisdiction." This includes bankruptcy jurisdiction. It follows that district courts have supplemental jurisdiction over claims that form part of the same case or controversy with bankruptcy claims. *See Publicker Indus. v. United States,* 980 F.2d 110, 114–15 (2d Cir.1992).

483 F.2 at 300 (footnote omitted). Similarly, in *Sergent v. McKinstry*, 472 B.R. 387 (E.D. Ky. 2012), the district court held:

> The Plaintiff may be correct that bankruptcy courts cannot exercise supplemental jurisdiction. *See, e.g., Enron Corp. v. Citigroup, Inc.* (*In re Enron Corp.*), 353 B.R. 51, 59 (Bankr. S.D.N.Y. 2006). But she is answering the wrong question. Whether the *Bankruptcy Court* had an independent federal jurisdictional basis over the Sergent Claims is irrelevant to mandatory abstention because Section 1334(c) addresses when *district courts* should abstain. The proper question, then, is whether the district court would have another source of federal jurisdiction over the Sergent Claims besides "related-to" bankruptcy jurisdiction under § 1334. *See, e.g., In re TXNB Internal Case,* 483 F.3d at 300. . . . Because this Court can exercise supplemental jurisdiction over the Sergent Claims . . . [t]he Bankruptcy Court was not required to abstain from hearing the Sergent Claims.

472 B.R. at 404; *see also Tubbs v. Agspring Mississippi Region, LLC*, 2022 WL 1164803, at *6 (W.D. La.) (citing and following *TXNB*); *Sabre Technologies, LP v. TSM Skyline Exhibits, Inc.*, 2008 WL 4330897, at *3 (S.D. Tex.) (same); *In re Fort Worth Osteopathic Hosp., Inc.*, 2008 WL 2522528, at **3-5 (N.D. Tex.) (same). The Court may not abstain from hearing Creditors' claims against the San Juan Defendants under § 1334(c)(2) because the district court has an independent source of jurisdiction over the claims.

C. <u>Permissive Abstention</u>.

Section 1334(c)(1) provides in part:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State court or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Permissive abstention "is available to federal courts hearing bankruptcy cases, and may be exercised in the interest of justice, or in the interest of comity with state courts or respect for state

-8-
Case 22-01018-t    Doc 35    Filed 11/22/22    Entered 11/22/22 15:08:51 Page 8 of 12

law." *In re Penson Worldwide*, 587 B.R. 6, 7 (Bankr. D. Del. 2018). However, abstaining from hearing matters over which a federal court has jurisdiction is the "exception, not the rule." *Gwynedd Props., Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1199 (3d Cir. 1992), quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "The general rule is that if a matter falls within a bankruptcy court's 'core' jurisdiction, then the court should decide it." *In re Indianapolis Downs*, 462 B.R. 104, 114 (Bankr. D. Del. 2011), vacated due to settlement by 2013 WL 12476432 (Bankr. D. Del.); *see also In re Luongo*, 259 F.3d 323, 330 (5th Cir. 2001), citing *In re Smith*, 122 B.R. 130, 133-34 (Bankr. M.D. Fla. 1990) (same). "Abstention is 'an extraordinary and narrow exception to the duty of the federal courts to adjudicate controversies which are properly before it.'" *Commercial Fin. Servs.*, 251 B.R. at 413; *see also In re Garland & Lachance Constr. Co.*, 144 B.R. 586, 594 (Bankr. D.N.H. 1991) ("abstention is normally inappropriate if a matter is a core proceeding"); *In re Altegrity*, 544 B.R. 772, 777-78 (Bankr. D. Del. 2016) (bankruptcy court should exercise its discretionary authority to abstain sparingly). Permissive abstention should rarely be invoked. *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992).

The moving party has the burden of establishing that permissive abstention is appropriate. *Commercial Fin. Servs.*, 251 B.R. at 413. Courts consider the following twelve factors when considering a permissive abstention motion:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable state law;
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;
> (5) the jurisdictional basis, if any, other than § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
(9) the burden of the Court's docket;
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
(11) the existence of a right to a jury trial; and
(12) the presence in the proceeding of nondebtor parties.

*See In re Republic Reader's Service, Inc.*, 81 B.R. 422, 428-429 (Bankr. S.D. Tex. 1987); *see also In re Commercial Fin. Servs.,* 251 B.R. 414, 429 (Bankr. N.D. Okla. 2000), reconsideration granted in part, 225 B.R. 68 (Bankr. N.D. Okla. 2000) (citing to *Republic Reader's Service's* "well-worn list of factors"); *In re Fred Dale Van Winkle*, 2016 WL 196981, at *5 (Bankr. D.N.M.) (using the factors and cited in *Republic Reader's Service* and *Commercial Fin. Servs.*).

The Court weighs the factors:

| Factor | Discussion |
| --- | --- |
| 1. The effect or lack thereof on the efficient administration of the estate; | It would be more efficient to retain the proceeding. It appears that the issues may be resolvable on summary judgment. The issues needs to be determined for Debtor to reorganize. The Court could hold a hearing on cross-motions for summary judgment as soon as the parties are able to draft their motions, responses, and replies. |
| 2. The extent to which state law issues predominate over bankruptcy issues; | State law issues are the only issues. |
| 3. The difficulty or unsettled nature of applicable state law; | The issue is whether the New Mexico Supreme Court's 1992 adoption of a magistrate court rule of civil procedure (NMRA 2-107(D)), and/or the New Mexico legislature's 1987 enactment of NMSA § 61-18A-26 partially superseded *Norvell v. Credit Bureau of Albuquerque,* 85 N.M. 521 (S. Ct. 1973). The issue is not settled but does not appear to be particularly difficult. |
| 4. Presence of a related proceeding commenced in state court or other nonbankruptcy court; | There is no other proceeding. |
| 5. The jurisdictional basis, if any, other than 28 U.S.C. § 1334; | With respect to the claims against Debtor, there is no independent basis for federal court |

| | jurisdiction. There is an independent source of jurisdiction for the claims against the San Juan Defendants (§ 1367). |
|---|---|
| 6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case; | The proceeding is key to resolution of the main bankruptcy case. It is what prompted the bankruptcy filing, and the outcome of the proceeding will determine whether the estate has any valuable assets. |
| 7. The substance rather than form of an asserted "core" proceeding; | The substance of the proceeding is a claim that seeks to render Debtor's assets worthless and obtain large money judgments against Debtor and the San Juan Defendants. |
| 8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; | This could be done by sending all claims back to state court and waiting until they had had been fully adjudicated. Proceeding along those lines could create undue delay. This is a subchapter V case, which is intended to be resolved expeditiously. |
| 9. The burden of the Court's docket; | The Court's docket is not crowded at the moment. |
| 10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; | There is a chance that removal of the proceeding was motivated in part by forum shopping. |
| 11. The existence of a right to jury trial; and | Creditors may have a right to a jury trial. However, the dispute appears to be a purely legal one, so it is unlikely that a jury would be needed to make findings of fact. Furthermore, once a bar date is set and Creditors file a proof of claim, they would not retain a jury trial right with respect to their claims against Debtor. |
| 12. The presence of nondebtor parties in the proceeding. | The San Juan Defendants are not debtors, but they oppose abstention and remand. |

Factors 1, 4, 6, 7, 8, and 9 weigh against permissive abstention. Factors 3 and 5 are neutral or do not apply. Factors 2, 10, 11, and 12 weigh in favor of permissive abstention. Overall, the Court finds and concludes that permissive abstention is not indicated. Creditors' claims against Debtor are core and need to be adjudicated as soon as practicable in this subchapter V case. The Court has time to hear the claims. The outcome of the legal dispute is "do or die" for the Debtor. The Court has jurisdiction to hear and determine the claims and should do so as part of its job.

The reasons to keep the claims against the San Juan Defendants are almost as compelling because they cannot be split from the claims against Debtor. All counts in Creditors' amended complaint are brought against all three defendants jointly and severally. As the Court has decided to keep some of the claims, it only makes sense to keep them all.

## Conclusion

Mandatory abstention is not required for any of Creditors' claims, and the Court elects not to abstain under § 1334(c)(1). The motion will be denied by separate order.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: November 22, 2022
Copies to: counsel of record